LANGSTON v. HORTON.

5-1719                                    317 S. W. 2d 821

Opinion delivered November 24, 1958.

*W. E. Billingsley & Oscar E. Ellis,* for appellant.

*Claude A. Caldwell,* for appellee.

GEORGE ROSE SMITH, J. This is a child custody case involving the parties' two daughters, of the ages of ten and seven years. Temporary custody of the children was awarded to the appellant, their father, when he obtained the divorce in May of 1955. This arrangement continued in effect until the present application for a change of custody was heard in May of 1958. The chancellor found that conditions had changed and awarded custody to the appellee, the children's mother. The appellant was given reasonable rights of visitation and was directed to contribute to the little girls' support as long as their mother keeps them within the court's jurisdiction.

The decree is the only part of the original divorce proceeding that appears in the present record. It recited that the defendant had entered her appearance but had made no defense. The court found that the defendant, while still married to the plaintiff, had gone through a marriage ceremony with Melvin C. Smith and had lived with him for three or four weeks. Upon this finding the court granted the plaintiff, who is now the appellant, a divorce on the ground of adultery. In the present proceeding the appellee testified that she had been told that the divorce was final and was under that impression when she married Smith. She says that she did not live with Smith after learning that their marriage was illegal. This testimony is not contradicted in the record now before us.

The appellee was not in a position to take care of the children when the divorce was granted in 1955. She left Arkansas and went with her brother to the state of Washington. The appellant attempted to show that there she lived with a man not her husband, but this proof is so inconclusive as to be hardly worthy of notice.

The appellee and her present husband, M. J. Horton, were married in March of 1956. They say that they worked in Alaska for a year to earn money with which to provide a home for the appellee's children, if their custody could be regained. Upon returning from Alaska to Washington the couple made a small down payment upon a home, and Horton obtained employment as a mechanic. The Hortons then came to Arkansas so that the appellee could file her present petition. Horton supports his wife's application, explaining that she is no longer able to have children and that they are anxious to have the little girls in their home.

While Mrs. Horton was away the children were cared for by the appellant. He lives with his uncle, a man of seventy-six, who stays with the children while Langston is at work. The chancellor commended Langston for having discharged his obligation to the best of his ability, but it was the chancellor's opinion that the children should be placed in their mother's care rather than remaining in a home where there is no woman to look after their needs.

We are unable to say that the trial court reached the wrong decision. The appellant undoubtedly is a person of good character, devoted to his daughters, but the same things are true of the appellee, with the exception of such inferences as may be drawn from her void marriage to Smith. The trial judge was familiar with the case from its inception, as we are not, and had the further advantage of seeing the parties and hearing the testimony as it was given. He recalled that he had not been exactly satisfied with the original order of temporary custody, but it seemed to be the only arrangement that could be made at that time. Conditions have now changed, since the appellee is able to provide a good home for the children. *Carlton* v. *Carlton,* 223 Ark. 870, 269 S. W. 2d 313. It seems evident that the custody would have been awarded to the appellee by the original decree if the present circumstances had existed at that time. We are not convinced that the order appealed from is contrary to the children's best interests.

In the matter of visitation, however, the decree falls short of effecting complete justice. Apparently the Hortons intend to take the children to Washington, and it is not likely that the appellant, a man of limited means, will be able to exercise there the rights of reasonable visitation that the decree provides. It should, we think, be stated explicitly that the appellant may have his daughters visit him in Arkansas for two or three weeks each summer if he will arrange for their transportation to this state, with the Hortons to bear the expense of the return trip. The appellee shall be required to give a bond to secure her duty to comply with the court's orders in this respect. There appears to be little ill feeling between the parties, and we assume that they will be able to agree upon the exact terms of the modified decree. If not, the chancellor will enter an order consistent with this opinion.

With this modification the decree is affirmed and the cause remanded.

WILLIAM J. SMITH, J., not participating.